# Adams Express Company, Plff. in Err., v. John C. Holmes, to Use of Lyon Brothers, etc.

If goods are lost or injured while in the custody of an express company, in the absence of explanation which rebuts the presumption of negligence, it will be presumed that the loss or injury was occasioned by the negligence of the company, and the carrier will be liable for the actual value of the goods.

In an action to recover the value of goods delivered to an express company, where no explanation is given for its failure to deliver the goods, it may be inferred that they are still in the hands of the company and are withheld from the owner.

Grogan v. Adams Exp. Co. 114 Pa. 523, 60 Am. Rep. 360, 7 Atl. 134, followed, in holding that although common carriers may limit their liability by a special contract, or by special acceptance of goods, yet there can be no limitation of liability where the loss or injury resulted from the negligence of the company.

(*Argued April 6, 1887.   Decided April 18, 1887.*)

January Term, 1887, No. 261, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.  Error to the Common Pleas No. 3 of Philadelphia County to review

NOTE.—In New York a common carrier is allowed to contract against his liability for negligence, providing the exemption from such liability is expressed in terms in the contract; but a shipping contract will not be construed as exempting the carrier from liability for his own negligence, unless the intent is so plainly and distinctly expressed that it cannot be misunderstood by the shipper; it cannot be inferred from general words in the contract, such as "damage occasioned by delays from any cause or from change of weather." Nicholas v. New York C. & H. R. R. Co. 89 N. Y. 370.

. For the effect of a limitation of liability of a carrier by a company, see note to Hughes v. Pennsylvania R. Co. 202 Pa. 222, 51 Atl. 990, and cases cited.

See also the following editorial notes presenting the authorities on their respective subjects:   Right to limit common-law liability by contract in the absence of negligence, note to Little Rock & Ft. S. R. Co. v. Cravens, 18 L. R. A. 527; power to limit amount of liability in cases of negligence, note to Ballou v. Earle, 14 L. R. A. 433; contracts for reasonable exemptions, note to Atchison, T. & S. F. R. Co. v. Temple, 13 L. R. A. 362; what constitutes damage by the elements in contracts limiting liability, note to Pope v. Farmers' Union & Mill. Co. 53 L. R. A. 673; limitation of common carrier's duty and liability in case of dangerous articles, note to California Powder Works v. Atlantic & P R. Co. 36 L. R. A. 648.

a judgment on a verdict for plaintiff in an action to recover the value of certain goods delivered to an express company.    Affirmed.

At the trial in the court below the following facts appeared:

In December, 1885, the plaintiff, John C. Holmes, purchased of Lyon Brothers, wholesale furriers in Philadelphia, a sealskin sacque of the value of $180.    December 11 the same was packed and marked and consigned to Holmes at Cranbury, New Jersey, and delivered to the agent of the defendant company for transportation.    The expressman who called for the package signed a receipt contained in a book in the possession of Lyon Brothers. The receipt, among other provisions, contained the following:

"It is part of the consideration of this contract, and it is agreed, that the said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company intrusted, or arising from the dangers of railroads, ocean or river navigation, steam, fire in stores, depots, or in transit, leakage, breakage, or from any cause whatever, unless, in every case, the same be proved to have occurred from the fraud or gross negligence of said express company, or their servants, nor, in any event, shall the holder hereof demand beyond the sum of $50, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by them, and so specified in this receipt, which insurance shall constitute the limit of the liability of the Adams Express Company."

The receipt contained blank spaces for the "date," "No.," "article," "value," " consignee," "destination," "by whom received."    No questions were asked and no information was given in regard to the value of the sacque, and the blank space under the word "value" was not filled out.    The other blanks were duly filled out.

The sacque was never delivered by the company nor its loss accounted for, and, Holmes having assigned his rights against the express company to Lyon Brothers, suit was brought in his name to their use.

At the trial plaintiff proved the receipt of the sacque by the company's agent and its nondelivery by the company and that its value was $180.

The evidence in regard to the value of the sacque was objected to by defendant "because the receipt offered in evidence contains a clause limiting the liability of the company to $50, where the value of the package is undisclosed by the shipper." Objection overruled. Exception noted. First assignment of error.

The defendant did not offer evidence to account for or in any manner explain the loss or nondelivery or to disprove negligence on its part; but offered to show "that the defendant company has a different and higher rate and discharge for packages where the value is disclosed, and also that when the value is disclosed, extra care and precaution is taken by the company against loss or accident, and also the custom of the company in handling packages which have a value exceeding $50, which are specially insured under the conditions of the receipt." Objected to by plaintiff. Objection sustained. Exception noted. Second assignment of error.

The defendant presented the following points:

1. Under a receipt and contract, like the one in evidence, given by the defendant upon the receipt of the goods for shipment, with the value of the package undisclosed and unexpressed the recovery cannot exceed $50, with interest from the date of the shipment, notwithstanding the defendant may have been negligent, unless there was a conversion or misfeasance by the defendant, involving not only a wrongful but also a wilful act. A mere nondelivery will not constitute such conversion or misfeasance, nor will a refusal to deliver on demand, if the goods have been lost through negligence or have been stolen.

*Ans.* Refused.

2. If you find for the plaintiff your verdict can in no event exceed the sum of $50 and interest thereon from the date of shipment.

*Ans.* Refused.

The court charged the jury as follows:

It is my duty to charge that you may infer negligence from the mere loss of the goods, and also that the defendant must show by evidence that there was no negligence. I do not recollect any evidence touching the question of negligence.

Verdict and judgment for plaintiff, for $188.82.

The assignments of error specified the admission and rejec-

tion of evidence above noted, the answers to defendant's points and the charge to the jury.

*J. H. Shakespeare* and *J. H. Heverin,* for plaintiff in error.— The common-law liability of a common carrier may be limited or abridged by the special terms of the acceptance of the goods. The exemption goes upon the ground of a contract express or implied. Beckman v. Shouse, 5 Rawle, 189, 28 Am. Dec. 653; Bingham v. Rogers, 6 Watts & S. 500, 40 Am. Dec. 581; Laing v. Colder, 8 Pa. 484, 49 Am. Dec. 533; Camden & A. R. Co. v. Baldauf, 16 Pa. 67, 55 Am. Dec. 481; Elkins v. Empire Transp. Co. 81* Pa. 315.

That the onus of establishing negligence should rest upon the plaintiff is a proper consequence of the power to limit liability by special contract. Harris v. Packwood, 3 Taunt. 264; Marsh v. Horne, 5 Barn. & C. 322; Muddle v. Stride, 9 Car. & P. 380; Clark v. Spence, 10 Watts, 335; New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. 384, 12 L. ed. 483; Farnham v. Camden & A. R. Co. 55 Pa. 60; Patterson v. Clyde, 67 Pa. 500.

A contract limiting their liability as carriers does not relieve them from ordinary care in the performance of their duty; and the most that it can do is to relieve them from these conclusive presumptions of neligence which arise when the accident is not inevitable, even by the highest care, and to require that negligence be actually proved against them. Goldey v. Pennsylvania R. Co. 30 Pa. 246.

Elkins v. Empire Transp. Co. 81* Pa. 315, 323, distinctly and clearly decides:

1. That it is competent for the carrier to contract by special agreement with the shipper in such a way as to limit his responsibility to a sum proportioned to his risk.

2. That the common carrier is not obliged to carry things of great value for the same price as things less valuable.

3. That if there was a contract, either express or implied, that they were not to be held liable beyond a certain valuation, they are not liable beyond that.

4. That such an agreement to limit the responsibility according to valuation may be found by the jury from the facts in evidence, if fairly deducible from them, although the shipper did not in express words tell the carrier that he would so limit his responsibility. It may be implied from the circumstances, as from a course of business and regulations known to the shipper,

taken in connection with his acceptance of a bill of lading based on such a course of business and regulations known to the shipper.

5. That it is for the jury to decide as a question of fact whether the responsibility of the carrier was limited or not by an agreement as to valuation.

6. That the valuation in the bill of lading is a controlling part of the bill and expresses the true contract of the parties, and must be regarded as the value or cost fixed by the parties in advance.

Each of the above elements decided in Elkins v. Empire Transp. Co. exists in the case at bar, and we submit that the two cases in all essential elements are precisely similar.

We submit that Grogan v. Adams Exp. Co. 114 Pa. 523, 60 Am. Rep. 360, 7 Atl. 134, does not overrule Elkins v. Empire Transp. Co., nor does it in any way decide the question contended for here.

Grogan v. Adams Exp. Co. decides only two questions, *viz.*:

1. That common carriers may limit their liability by a special contract or by special acceptance of the goods, and thus become subject to the laws of bailment only, but that there could be no limitation of liability where the loss or injury resulted from the negligence of the company or its servants.

2. That the express company having failed to account for the nondelivery of the article, a presumption of negligence arose which it should have rebutted.

It must be borne in mind that the learned judge in Grogan v. Adams Exp. Co. gave the jury binding instructions that they could only find a verdict for $50, and also charged the jury that the company could limit its liability, even against its own negligence. The case does not mention that of Elkins v. Empire Transp. Co. nor does it decide any principle in conflict with it.

In all that line of cases referred to by Judge Green as deciding that common carriers cannot limit their liability where the loss or injury resulted from the negligence of the company or its servants, there was no valuation clause in the bill of lading; and the question contended for here was not before the court, nor has it ever been decided by this court, when such was the question before it, in any other way than as was decided in Elkins v. Empire Transp. Co.

In the case of the American Exp. Co. v. Sands, 55 Pa. 140,

there was no value placed upon the package, and this distinction is pointed out by this court in Grogan v. Adams Exp. Co. This is very important to bear in mind when considering the case of Elkins v. Empire Transp. Co. in connection with the case of Grogan v. Adams Exp. Co.

See also Magnin v. Dinsmore, 62 N. Y. 35, 20 Am. Rep. 442, 70 N. Y. 410, 26 Am. Rep. 608; Hart v. Pennsylvania R. Co. 112 U. S. 331, 28 L. ed. 717, 5 Sup. Ct. Rep. 151.

*Ernest Lowengrund* and *Isaac N. Solis,* for defendant in error.—This case is governed by Grogan v. Adams Exp. Co. 114 Pa. 523, 60 Am. Rep. 360, 7 Atl. 134. See also Beckman v. Shouse, 5 Rawle, 179, 28 Am. Dec. 653; Camden & A. R. Co. v. Baldauf, 16 Pa. 67, 77, 55 Am. Dec. 481; Clark v. Spence, 10 Watts, 337; Logan v. Mathews, 6 Pa. 419; Pennsylvania R. Co. v. Miller, 87 Pa. 395; Powell v. Pennsylvania R. Co. 32 Pa. 414, 75 Am. Dec. 564; Pennsylvania R. Co. v. Henderson, 51 Pa. 315; Empire Transp. Co. v. Wamsutta Oil Ref. & Min. Co. 63 Pa. 14, 3 Am. Rep. 515; Farnham v. Camden & A. R. Co. 55 Pa. 53; American Exp. Co. v. Second Nat. Bank, 69 Pa. 394, 8 Am. Rep. 268; American Exp. Co. v. Sands, 55 Pa. 140.

In Elkins v. Empire Transp. Co. 81* Pa. 315, the question of negligence did not arise. That case, as will be seen by a reference to the plaintiff's second point therein, which was affirmed, decided merely this: That where the shipper and carrier agree in advance upon the value of an article to be shipped, the rating being applied according to the nature, quality and class of the article, such valuation, in a suit for the loss thereof, and where no question of negligence arises, will be regarded as the criterion in measuring the defendant's liability.

The distinction between that case and the one now at bar will be found in Relf v. Rapp, 3 Watts & S. 21, 37 Am. Dec. 528, in which Judge Rogers says: "In cases of common carriers where there is no notice, the better opinion seems to be that the party who sends the goods is not bound to disclose their value unless he is asked. But the carrier has a right to make the inquiry and to have a true answer, and if he is deceived and a false answer is given he will not be responsible for any loss, . . . however great the value may be. Story, Bailm. 362."

PER CURIAM:

The correctness of this judgment could well be sustained un-

der Grogan v. Adams Exp. Co. 114 Pa. 523, 60 Am. Rep. 360, 7 Atl. 134.

If goods are lost or injured while in the custody of the express company, in the absence of explanation which rebuts the presumption of negligence, it will be presumed that the loss or injury was occasioned by the negligence of the company, and the carrier will be liable for the actual value of the goods.

· In the present case no explanation was given for the failure to deliver the goods. So far as is proved they may still be in the hands of the company and be withheld from the owner.

Judgment affirmed.